<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4464**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

KENNETH OLIVER BROWN,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Henry E. Hudson, District Judge. (3:15-cr-00025-HEH-1)

Submitted: March 31, 2016        Decided: June 16, 2016

Before NIEMEYER, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Acting Federal Public Defender, Caroline S. Platt, Mary E Maguire, Assistant Federal Public Defender, Alexandria, Virginia, for Appellant. Dana J. Boente, United States Attorney, Stephen E. Anthony, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenneth Oliver Brown entered a conditional guilty plea to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2012). On appeal, Brown argues that the district court erred in denying his motion to suppress evidence and statements obtained after Federal Bureau of Investigation (FBI) agents stopped him and placed him in "investigatory detention" for questioning regarding a prostitution investigation. We affirm the district court's judgment.

We review factual findings underlying a district court's denial of a motion to suppress for clear error and its legal conclusions de novo. United States v. Hill, 776 F.3d 243, 247 (4th Cir. 2015). "The Fourth Amendment prohibits 'unreasonable searches and seizures' by the Government, and its protections extend to brief investigatory stops of persons or vehicles that fall short of traditional arrest." United States v. Arvizu, 534 U.S. 266, 273 (2002) (quoting U.S. Const. amend. IV). In such cases, "the Fourth Amendment is satisfied if the officer's action is supported by reasonable suspicion to believe that criminal activity may be afoot." Id. (internal quotation marks omitted); see Terry v. Ohio, 392 U.S. 1, 30 (1968). "Although a mere hunch does not create reasonable suspicion, the level of suspicion the standard requires is considerably less than proof

2

of wrongdoing by a preponderance of the evidence, and obviously less than is necessary for probable cause." Navarette v. California, 134 S. Ct. 1683, 1687 (2014) (internal quotation marks omitted).

We employ a "totality of the circumstances" analysis when determining if an investigatory stop was supported by reasonable suspicion. United States v. George, 732 F.3d 296, 299 (4th Cir. 2013). Under this approach, "multiple factors may be taken together to create a reasonable suspicion even where each factor, taken alone, would be insufficient." Id. at 300 (4th Cir. 2013) (internal quotation marks omitted). A series of individual actions by a defendant that in isolation would each appear innocent or could be supported by an innocent explanation may, when viewed together, support a finding of reasonable suspicion. See Arvizu, 534 U.S. at 274, 277. To this point, "[a] determination that reasonable suspicion exists . . . need not rule out the possibility of innocent conduct." Id. at 277. Finally, in forming an "objective basis" for initiating an investigatory stop, officers may "draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them." Id. at 273 (internal quotation marks omitted).

Having reviewed the record, we conclude that reasonable suspicion supports FBI agents' decision to detain Brown for

questioning in relation to their ongoing prostitution investigation. Specifically, FBI agents observed Brown enter a hotel room occupied by a known prostitute within 10 to 15 minutes of when an FBI agent had scheduled a "date" with the prostitute. Furthermore, Brown remained in the room while the prostitute contacted the FBI agent and informed him that she was ready for the "date." Relying on their experiences and specialized training with respect to prostitution investigations, FBI agents were entitled to conclude that the timing of Brown entering the hotel room in question, along with his presence in the room when the prostitute contacted the FBI agent, created a reasonable probability that Brown was involved in prostitution, likely as the prostitute's pimp. Brown's continued presence in the hotel following his exit from the room in question also supported the conclusion that Brown was the prostitute's pimp. Accordingly, although one could imagine innocent explanations for Brown's presence in the hotel room, the timing of his presence, combined with the FBI agents' investigation into the prostitute, provided agents with reasonable suspicion to believe Brown was involved in prostitution and to detain him for questioning.[*]

---

[*] Brown argues that his detention is analogous to the detention of a random individual in a high crime area. We find this argument without merit because the hotel room in question (Continued)

4

Therefore, we conclude that the district court did not err in denying Brown's motion to suppress, and we affirm the judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

---

was the specific location of a crime, and the timing of Brown's presence in the hotel room creates a significantly greater link to criminal activity than mere presence in a high crime area.

5